UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN R. EDWARDS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MAGALLANES, et al.,<br><br>　　　　Defendants. | Case No.: 1:16-cv-00975-SAB (PC)<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL<br><br>[ECF No. 24, 25] |

Plaintiff Steven R. Edwards is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion to compel, filed June 8, 2018.

**I.**

**RELEVANT BACKGROUND**

This action is proceeding against Defendants Magallanes, M. Grajeda, Dr. Moon, and McGrew for deliberate indifference to a serious medical need under the Eighth Amendment of the United States Constitution.

Defendants filed an answer to the complaint on July 27, 2017. On July 28, 2017, the Court issued the discovery and scheduling order.

As previously stated, on June 8, 2018, Plaintiff filed a motion to compel. On June 29, 2018, Defendants filed an opposition. Plaintiff filed a reply on July 23, 2018.

1

## II.

## DISCUSSION

### A. Legal Standard

Plaintiff is proceeding pro se and he is a civil detainee challenging his conditions of confinement. As a result, the parties were relieved of some of the requirements which would otherwise apply, including initial disclosure and the need to meet and confer in good faith prior to involving the Court in a discovery dispute. Fed. R. Civ. P. 26(a)(1); Fed. R. Civ. P. 26(c); Fed. R. Civ. P. 37(a)(1); Local Rules 240, 251; ECF No. 16, Discovery and Scheduling Order, ¶4. Further, where otherwise discoverable information would pose a threat to the safety and security of the prison or infringe upon a protected privacy interest, a need may arise for the Court to balance interests in determining whether disclosure should occur. See Fed. R. Civ. P. 26(c); Seattle Times Co. v. Rhinehart, 467 U.S. 20, 35 n.21 (1984) (privacy rights or interests implicit in broad purpose and language of Rule 26(c)); Burlington N. & Santa Fe Ry. Co. v. United States Dist. Court for the Dist. of Montana, 408 F.3d 1142, 1149 (9th Cir. 2005) (discussing assertion of privilege); Soto v. City of Concord, 162 F.R.D. 603, 616 (N.D. Cal. 1995) (recognizing a constitutionally-based right of privacy that can be raised in discovery); see also Garcia v. Clark, No. 1:10-CV-00447-LJO-DLB PC, 2012 WL 1232315, at *6 n.5 (E.D. Cal. Apr. 12, 2012) (noting inmate's entitlement to inspect discoverable information may be accommodated in ways which mitigate institutional safety concerns); Robinson v. Adams, No. 1:08-cv-01380-AWI-BAM PC, 2012 WL 912746, at *2-3 (E.D. Cal. Mar. 16, 2012) (issuing protective order regarding documents containing information which implicated the safety and security of the prison); Orr v. Hernandez, No. CV-08-0472-JLQ, 2012 WL 761355, at *1-2 (E.D. Cal. Mar. 7, 2012) (addressing requests for protective order and for redaction of information asserted to risk jeopardizing safety and security of inmates or the institution if released); Womack v. Virga, No. CIV S-11-1030 MCE EFB P, 2011 WL 6703958, at *5-6 (E.D. Cal. Dec. 21, 2011) (requiring defendants to submit withheld documents for in camera review or move for a protective order).

However, this is a civil action to which the Federal Rules of Civil Procedure apply. The discovery process is subject to the overriding limitation of good faith, and callous disregard of discovery responsibilities cannot be condoned. Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d

1242, 1246 (9th Cir. 1981) (quotation marks and citation omitted). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed R. Civ. P. 26(b)(1).

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. Grabek v. Dickinson, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); Womack, 2011 WL 6703958, at *3; Mitchell v. Felker, No. CV 08-119RAJ, 2010 WL 3835765, at *2 (E.D. Cal. Sep. 29, 2010); Ellis v. Cambra, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. Grabek, 2012 WL 113799, at *1; Womack, 2011 WL 6703958, at *3; Mitchell, 2010 WL 3835765, at *2; Ellis, 2008 WL 860523, at *4. However, the Court is vested with broad discretion to manage discovery and notwithstanding these procedures, Plaintiff is entitled to leniency as a pro se litigant; therefore, to the extent possible, the Court endeavors to resolve his motion to compel on its merits. Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).

**B.     Motion to Compel**

Plaintiff seeks to compel responses to: (1) his second set of interrogatories to sergeant Magallanes (7 interrogatories), registered nurse Grajeda (6 interrogatories), registered nurse McGrew (5 interrogatories), and Dr. Moon (5 interrogatories; and (2) his request for production of documents (request nos. 2 & 4).

Defendants argue that all of the responses were provided despite proper objections to the discovery requests.

///

1. Interrogatories

An interrogatory may relate to any matter that may be inquired into under Rule 26(b), and an interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact. Fed. R. Civ. P. 33(a)(2) (quotation marks omitted). Parties are obligated to respond to interrogatories to the fullest extent possible under oath, Fed. R. Civ. P. 33(b)(3), and any objections must be stated with specificity, Fed. R. Civ. P. 33(b)(4); Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir. 1981). The responding party shall use common sense and reason. Collins v. Wal-Mart Stores, Inc., No. 06-2466-CM-DJW, 2008 WL 1924935, *8 (D. Kan. Apr. 30, 2008). A responding party is not generally required to conduct extensive research in order to answer an interrogatory, but a reasonable effort to respond must be made. Gorrell v. Sneath, 292 F.R.D. 629, 632 (E.D. Cal. 2013); L.H. v. Schwarzenegger, No. S-06-2042 LKK GGH, 2007 WL 2781132, *2 (E.D. Cal. Sep. 21, 2007). Further, the responding party has a duty to supplement any responses if the information sought is later obtained or the response provided needs correction. Fed. R. Civ. P. 26(e)(1)(A).

### a. Sergeant Magallanes Responses to Interrogatories 1 through 7

In interrogatories numbers 1 through 6, Plaintiff asked sergeant Magallanes questions regarding an alleged medical emergency which took place on March 18-March 19, 2015. (Pl. Mot. Compel, Ex. C, pp. 3-5; ECF No. 25.) Defendant sergeant Magallanes responded that he did not respond to a "medical emergency" on these dates nor was he aware of such emergency. (Pl. Mot. Compel, Ex. C, pp. 3-5.) In interrogatory number 7, Plaintiff asked whether a phone call to medical staff took place on first watch March 18, 2015-March 19, 2015. Defendant sergeant Magallanes responded that he did not respond to a "medical emergency" on March 19, 2015, and was not aware of such emergency during his shift. (Pl.' Mot. Compel, Ex. C at p. 6.)

In his motion to compel, Plaintiff contends the answers are incomplete, evasive and insufficient because Plaintiff failed to acknowledge that a medical emergency took place on first watch March 18, 2015-March 19, 2015. (Pl. Mot. Compel at 1-2.)

///

///

**Ruling:** Notwithstanding the objections, sergeant Magallanes responded to Plaintiff's interrogatories and indicated that he did not respond to a "medical emergency" on the March 19, 2015, or during his shift. Only a reasonable effort must be made in responding to an interrogatory. Gorrell v. Sneath, 292 F.R.D. 629, 632 (E.D. Cal. 2013). Although Plaintiff contends that Defendant Magallanes's shift extended from 10:00 p.m. on March 18, 2015 6:00 a.m. on March 19, 2015, Magallanes responded that he did not respond to a medical emergency on March 19, 2015 or during his shift. This answer is sufficient to address Plaintiff's concern. The fact that Plaintiff disagrees with the answer or believes that he should have provided a different answer, is not grounds to compel a further response. Plaintiff's motion to compel is denied.

**b.     Registered Nurse Grajeda's Responses to Interrogatories 1 through 5**

In response to interrogatories 1 to 6, RN Grajeda indicated that she had an absence of recollection about certain events, including speaking with different CDCR staff. (Pl. Mot. Compel, Ex. A, pp. 3-5.)

Plaintiff simply does not like Grajeda's responses and merely contends different ways in which she could have answered the interrogatories or allegedly refreshed her recollection of events. However, Plaintiff' mere disagreement with the responses is insufficient. Accordingly, Plaintiff's motion to compel is denied.

**c.     Registered Nurse McGrew's Responses to Interrogatories 1 through 5**

In response interrogatories 1 to 5, RN McGrew indicated that she had an absence of recollection about certain events, including speaking with different CDCR staff. (Pl. Mot. Compel, Ex. B, pp. 3-6.) Therefore, in response to specific questions relating to Plaintiff's medical conditions, McGrew believed the medical records related to Plaintiff would provide the most complete and accurate information. The Court "will not compel the defendant to produce documents that are equally available to plaintiff in his medical file or central file." Walker v. Karelas, No. CIVS-07-2545 MCE DAD P, 2009 WL 3075575, at *2 (E.D. Cal. Sept. 21, 2009). Plaintiff's motion to compel must be denied.

///

///

**d. Dr. Moon's Responses to Interrogatories 1 through 5**

In response interrogatories 1 to 5, Dr. Moon provided an exhaustive response to the best of his knowledge. (Pl. Mot. Compel, Ex. D, pp. 3-10.) For instance, in response to interrogatory number 1, Dr. moon responded as follows:

> Without waiving the above objections, Defendant responded as follows:
>
> Defendant did not treat Plaintiff on February 22, 2015. Defendant is a medical doctor licensed to practice medicine in the State of California, is licensed as a Physician and Surgeon with the California Medical Board, and is both trained and licensed to give applicable diagnosis and medical care, within the scope of his training. When treating a patient, Dr. Moon evaluates him and addresses his medical issues on an individual basis, considering the patient's on-going problem list, significant past medical events, and presenting symptoms as described by the patient and independently assessed by the doctor, in accordance with standard profession-wide medical practices. Dr. Moon treats each patient depending on both subjective and objective symptomatology along with his analysis and prognosis. This is specific to each patient. All patients are evaluated for care specific to their unique circumstances and condition(s). The events Plaintiff complains of occurred over two years ago and Defendant no longer has an independent recollection of March 5 or 19, 2015. To the extent Plaintiff presented to Defendant for treatment, all of his pain complaints would be set forth in [h]is medical records. Such records are equally available to Plaintiff, and Plaintiff is directed to his records for further facts. At the time Plaintiff presented to Defendant with the abdominal pain complained about in this lawsuit, his problem was acute pancreatitis requiring gall bladder surgery and not related to any prior medical problem. As a Physician and Surgeon, Defendant evaluates patient pain based on numerous factors, only one of which is the pain level as reported by the patient. Each patient's tolerance for or assessment of their own pain is subjective. Medical professionals assess pain and its causes by various methods including but not limited to, visual assessment of pain manifestations such as facial expression and ease of movement, palpation of the areas alleged to be in pain, range of motion testing, lab work, review of medications, and communication with the patient to discover the onset and course of the pain. Plaintiff does not describe what stomach pain he refers to. Further objections that the information sought is not relevant and not likely to lead to the discovery of admissible evidence. Plaintiff was treated for epigastric pain in the month prior to his being struck with Pancreatitis. He was hospitalized for Gastritis and his condition improved with Zantac and he was discharged from the hospital. His Gastritis and Pancreatitis may both be ailments of the body's digestive system, but are not related. Plaintiff was admitted to the CTC from February 22 to 24, 2015, and was checked for CBC amylase, and lipase, which are tests for inflammation and pancreatitis. All such results were normal.

(Pl. Mot. Compel, Ex. D, pp. 4-5.) Plaintiff simply does not approve of the substance of the responses. However, Plaintiff's disagreement, alone, is insufficient. While Plaintiff disagrees with the answers

Defendants have given, there is no basis to find that they are withholding discoverable information. Accordingly, Plaintiff's motion to compel must be denied.[1]

2. Request for Production of Documents

A party may serve on any other party a request within the scope of Rule 26(b) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody or control: any designated documents or tangible things. Fed. R. Civ. P. 34(a)(1) (quotation marks omitted). "Property is deemed within a party's 'possession, custody, or control' if the party has actual possession, custody, or control thereof or the legal right to obtain the property on demand." Allen v. Woodford, No. CV-F-05-1104 OWW LJO, 2007 WL 309945, *2 (E.D. Cal. Jan. 30, 2007) (citing In re Bankers Trust Co., 61 F.3d 465, 469 (6th Cir. 1995)); accord Bovarie v. Schwarzenegger, No. 08cv1661 LAB (NLS), 2011 WL 719206, at *4 (S.D. Cal. Feb. 22, 2011); Evans v. Tilton, No. 1:07CV01814 DLB PC, 2010 WL 1136216, at *1 (E.D. Cal. Mar. 19, 2010).

In responding to discovery requests, a reasonable inquiry must be made, and if no responsive documents or tangible things exist, Fed. R. Civ. P. 26(g)(1), the responding party should so state with sufficient specificity to allow the Court to determine whether the party made a reasonable inquiry and exercised due diligence, Uribe v. McKesson, No. 08cv1285 DMS (NLS), 2010 WL 892093, at *2-3 (E.D. Cal. Mar. 9, 2010). If responsive documents do exist but the responsive party claims lack of possession, control, or custody, the party must so state with sufficient specificity to allow the Court (1) to conclude that the responses were made after a case-specific evaluation and (2) to evaluate the merit of that response. Ochotorena v. Adams, No. 1:05-cv-01525-LJO-DLB (PC), 2010 WL 1035774, at *3-4 (E.D. Cal. Mar. 19, 2010).

///

///

---

[1] With regard to Defendants' objections based on vagueness, the Court cautions counsel that such objections are improper without a proper explanation as to how/why such request is vague. See Swackhammer v. Sprint Corp., 225 F.R.D. 658, 662 (D. Kan. 2004) (a party claiming that an interrogatory is vague has the burden of demonstrating its vagueness, and the party should exercise "common sense" and attribute ordinary definitions to terms in discovery requests.) In this instance, Plaintiff's requests are not vague and Defendants have not demonstrated otherwise.

Plaintiff takes issue with request for production of documents numbers 2 and 4. In these two requests, Plaintiff requests certain documents related to events occurring in his cell on March 19, 2015. Defendants responded that they did not have possession of the requested documents.

   **a.  Request for Production No. 2**

In request for production number 2, Plaintiff requests "the production of the sign in/sign out log book page(s), for Building 1 (3C01) on C-yard at C.S.P. Corcoran on 1st Watch 3/18/15, 3/19/15, where Sgt. Magallanes signed in/out when responding to plaintiff medical emergency." (Pl. Mot. Compel, Ex. E.) Defendants responded as follows:

> Defendants object that this request is over-broad and not relevant to the subject matter of this lawsuit to the extent it requests documents unrelated to the matter giving rise to Plaintiff's incident. Objection to the extent this request seeks material protected from disclosure by the right of privacy of defendants and/or other employees of the State of California, or other individuals, including members of the public pursuant to: 1) the California State Constitution, Article 1, Section 1; 2) the United States Constitution (Paul v. Davis, 424 U.S. 693, 712 (1972)); 3) the federal official information privilege; 4) Cal. Evid. Code sections 1040, 1043, 1045; 5) Cal. Govt. Code section 6254; 6) Cal. Pen. Code sections 832.7 and 832.8; and 7) exemptions from disclosure in Northern California Police Practices Project v. Glendon Craig, et al., 90 Cal.App.3d 116 (1979); Kelly v. City of San Jose, et al., 114 F.R.D. 653 (N.D. Cal. 1987) and Martinez v. City of Stockton, 132 F.R.D. 677 (E.D. Cal. 1990). Defendants further object to the extent the request seeks confidential official information protected from disclosure, such as sensitive law enforcement policy, tactics and review of programs, the disclosure of which may compromise public and officer safety, pursuant to the official information privilege, Kelly v. City of San Jose, et al., 114 F.R.D. 653 and Martinez v. City of Stockton, 132 F.R.D. 677. Without waiving the preceding objections, Defendants respond as follows: Defendants have no record of a medical emergency with Plaintiff in his cell on March 19, 2015; and thus, there would be no document evidencing a response to such event because it did not occur.

(Pl. Mot. Compel, Ex. D.)

Plaintiff's motion to compel will be granted subject to in camera review. Based on Defendants' response, the Court cannot determine whether any Defendant was made aware of Plaintiff's plea for medical attention by way of phone call or otherwise. While Defendants indicate that he did not respond to a "medical emergency" on March 18-19, 2015, given the existence of documentary evidence regarding a log sheet, Defendants will be directed to provide for in camera review a further response to this request for production and provide any log sign in/sign out sheet

during the first watch on March 18-19, 2015. After production and in camera review, the Court determine whether the documentation must be disclosed to Plaintiff.

### b. Request for Production No. 4

In request for production number 4, Plaintiff requests "Production of 1st Watch phone log on 3/18/05, 3/19/05 of call which came into A.G.C. (C.T.C.) from yard C-yard, Building 3C01, Emergency/Non Emergency." (Pl. Mot. Compel, Ex. D.)

In response to request number 4, Defendants responded:

> Objection to the extent this request seeks confidential and official information, protected from disclosure, such as sensitive law enforcement policy, tactics and review of programs, the disclosure of which may compromise public and officer safety, pursuant to the official information privilege, Kelly v. City of San Jose, et al., 114 F.R.D. 653 and Martinez v. City of Stockton, 132 F.R.D. 677.
>
> Without waiving the above objections, Defendants respond as follows: To the extent this request seeks documents which evidence telephone calls related to other inmates for their health conditions, then such information is private and confidential, and shall not be disclosed in this matter, pursuant to HIPPA guidelines. To the extent this request relates only to Plaintiff, then Defendants respond: Based on discovery and investigation to date, Defendants do not know of a document which evidences Plaintiff had an emergency medical condition on March 19, 2015, in his cell.

(Pl. Mot. Compel, Ex. D.)

Plaintiff's motion to compel is granted subject to in camera review. Based on Defendant Magallanes's response, the Court cannot determine whether the Defendant was made aware of Plaintiff's plea for medical attention by way of phone call. While he indicates that he did not respond to a "medical emergency" on March 18-19, 2015, given the existence of documentary evidence of a phone log, Defendants will be directed to provide for in camera review a further response to this request for production and provide a copy of the phone call log during the first watch on March 18-19, 2015 regarding any medical condition on C-yard, Building 3C01. After production and in camera review, the Court will determine whether the documentation must be disclosed to Plaintiff.

///

///

9

## III.

## CONCLUSION AND ORDER

While the Court recognizes that Plaintiff is disinclined to accept Defendants' discovery responses at face value, he is in a position no different than any other civil litigant: he is required to accept legally sufficient discovery responses. Mere distrust and suspicion do *not* form a legitimate basis to further challenge facially sufficient discovery responses. Fed. R. Civ. P. 26(g)(1), 33; Gorrell v. Sneath, 292 F.R.D. 629, 634 (E.D. Cal. 2013). Moreover, signed discovery responses are themselves certifications to the best of the person's knowledge, information, and belief formed after a reasonable inquiry, Fed. R. Civ. P. 26(g)(1)(B) (quotation marks omitted), as are other signed filings presented to the Court, Fed. R. Civ. P. 11(b). See also Fed. R. Civ. P. 33(c). Further, Defendants are required to supplement their discovery responses should they learn that their responses were incomplete or incorrect, if the incomplete or incorrect information has not otherwise been made known to Plaintiff. Fed. R. Civ. P. 26(e)(1) (quotation marks omitted).

Accordingly, for the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel is granted in part and denied; and

2. Within **twenty-one (21)** days from the date of service of this order, Defendants shall provide a supplemental response to Plaintiff's request for production of documents numbers 2 and 4 for in camera review to determine whether such documents should be disclosed to Plaintiff.

IT IS SO ORDERED.

Dated: __July 27, 2018__

UNITED STATES MAGISTRATE JUDGE